UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH LEE, JR.,

    Plaintiff,

v.                                                                        Case No. 3:21cv68-MCR-HTC

MARTIN AND PLUNKETT, M.D., LLC,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Kenneth Lee, Jr., a Florida resident proceeding *pro se*, initiated this action by filing an unsigned civil complaint against a Florida doctor's office and an unsigned motion to proceed *in forma pauperis*.[1]  ECF Docs. 1, 2.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  Upon screening the complaint under 28 U.S.C. § 1915(e)(2), and for the reasons set forth herein, the undersigned respectfully recommends that the complaint be DISMISSED for lack of subject-matter jurisdiction.

---

[1] In addition to being unsigned, the complaint and the motion were also not on the Court's official forms.  However, because the undersigned is recommending dismissal, Plaintiff will not be asked to resubmit these filings on the correct forms.

## I. THE COMPLAINT

Plaintiff's complaint, in its entirety, is as follows:

> On June 28, 2019, at Martin and Plunkett offices, I went to office to leave a urine sample because I had UTI symptoms. They allowed me in the back to use restroom. Once I finished I left my cup with name on it. Came out and they gave me samples of [medications]. Once I left I gave it a few days to see if they would call in a script for antibiotic which they did not. On July 9th I went to North Okaloosa and had a bad UTI and kidney infection.

ECF Doc. 1 at 4.

Based on these allegations, Plaintiff seeks one million dollars, to be deposited in a special needs trust, for defendant's "fail[ure] to use reasonable care" and violations of the Americans with Disabilities Act (ADA).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This is because federal courts are courts of limited jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Congress may "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922). Absent a grant

of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

If a complaint lacks a jurisdictional statement, a court may find a basis for federal question jurisdiction only if the complaint makes "references to federal law sufficient to permit the court to find § 1331 jurisdiction." *Miccosukee Tribe of Indians v. Kraus–Anderson Constr. Co.*, 607 F.3d 1268, 1275–76 (11th Cir. 2010) ("Rule 8(a)(1) is satisfied if the complaint says enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear.").

## III.  DISCUSSION

Plaintiff's complaint does not contain a basis for federal subject-matter jurisdiction, and, based on the facts alleged, this Court does not have jurisdiction over Plaintiff's claims. Additionally, while courts normally afford *pro se* plaintiffs an opportunity to amend their complaints before recommending dismissal, here such an opportunity would be futile because it is clear that Plaintiff's claim is one for

medical negligence against a Florida corporation, which should be brought in Florida state court.

### A.     Lack of Subject-Matter Jurisdiction

Generally, district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties.  *See* 28 U.S.C. §§ 1331, 1332.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkoken*, 511 U.S. at 377 (citations omitted).

#### 1.     This Court lacks federal question jurisdiction.

A "federal question" case arises under the United States Constitution or federal laws or treaties.  *See* 28 U.S.C. § 1331.  "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331."  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).   Under the "well-pleaded-complaint" rule, "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States."  *Bell v. Hood*, 327 U.S. 678, 681 (1946).

Case No. 3:21cv68-MCR-HTC

Plaintiff has failed to meet his burden of establishing federal question jurisdiction, as he makes no allegations that demonstrate a cause of action arising under the Constitution or federal laws or treaties. Indeed, Plaintiff only alleges that the acts or omissions that caused his injuries are "ADA rights and failed to use reasonable care." ECF Doc. 1 at 4. Thus, it appears the crux of Plaintiff's complaint is for medical negligence. Such a claim, however, only gives rise to a state-created remedy and not a federal action. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (noting Plaintiff's complaint "failed to state a [federal] claim because [Plaintiff] had adequate remedies in state court against the Defendants, by way of negligence or medical malpractice actions").

Also, Plaintiff's singular reference to the "ADA" is insufficient to establish federal jurisdiction. "The general rule governing pleading Federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a Federal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is Federal jurisdiction." *Pearson v. U.S. Postal Serv.*, No. 3:06CV190MCR/EMT, 2007 WL 624536, at *2 (N.D. Fla. Feb. 22, 2007) (quoting *Fountain v. New Orleans Public Service, Inc.*, 265 F. Supp. 630, 632 (E.D. La. 1967)); *see also Gilbeaux v. University of Texas Medical Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (concluding that a mere citation to a federal statute in the heading of a complaint form is insufficient to invoke federal

Case No. 3:21cv68-MCR-HTC

jurisdiction). Plaintiff's complaint, however, contains absolutely no facts to support a claim under the ADA. He does not, for example, state that he qualifies for ADA protection, what provision of the ADA the Defendant violated, or how the provision was violated. *Id.*

Moreover, "[t]he ADA does not create a remedy for medical malpractice." *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). In other words, Plaintiff cannot use the ADA to convert his state law claim into a federal one. "[I]t would be extremely odd to suppose that disabled persons whose disability is treated negligently have a federal malpractice claim by virtue of the Americans With Disabilities Act, whereas a sick . . . but not disabled person . . . must be content with the remedy that the state law of medical malpractice provides." *Id.*

Thus, Plaintiff has provided no basis from which the Court can determine that it has federal question jurisdiction over Plaintiff's claims.

### 2.  This Court lacks diversity jurisdiction.

Federal courts also have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Without any facts indicating the extent of his injuries, Plaintiff seeks one million dollars to be deposited in a special needs trust. ECF Doc. 1 at 4. However, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). In other words, it must be "apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed" to justify dismissal. *Id.* Thus, for purposes of this Report and Recommendation, the undersigned accepts Plaintiff's monetary request as sufficient to satisfy the amount in controversy request.

Plaintiff, however, cannot satisfy the second element for diversity jurisdiction, which requires the parties to be citizens of different states. In the complaint form, under Section II, Basis of Jurisdiction, Plaintiff identifies himself as a citizen of Florida. He also lists his address as being in Florida. A person's place of citizenship, or domicile, is "the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Under the same section, Plaintiff identifies Defendant Martin & Plunkett, MD, LLC, also, as a citizen of Florida and identifies Defendant's address as being in

Pensacola, Florida.[2]  Thus, Plaintiff and Defendant are citizens of the same state, and there can be no diversity jurisdiction.

## IV.   CONCLUSION

Because it is to be presumed that a cause lies outside the Court's jurisdiction absent some evidence to the contrary proffered by the party asserting jurisdiction, *see Kokkoken*, 511 U.S. at 377, and because Plaintiff has failed to offer any evidence establishing a federal question or diversity of citizenship, this court does not have federal subject matter jurisdiction, and Plaintiff's complaint is due to be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.   Plaintiff's complaint (ECF Doc. 1) be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction.

2.   Plaintiff's Motion to Proceed *in forma pauperis* be DENIED as MOOT.

3.   The clerk be directed to close the file.

DONE AND ORDERED this 19th day of January, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] For jurisdictional purposes, diversity is determined based on the citizenship of each member of the LLC.  *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

Case No. 3:21cv68-MCR-HTC

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**